**Don HAMRICK, U.S. Merchant Seaman, Appellant,**

v.

**J.P. BRUSSEAU, Capt., U.S. Coast Guard, Director Field Activities, Marine Safety, Sec, & Environmental Protection, et al., Appellees.**

No. 03–5021.

United States Court of Appeals, District of Columbia Circuit.

Oct. 28, 2003.

Don Hamrick, pro se, Wilburn, AR, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellees.

Before HENDERSON, GARLAND, and ROBERTS, Circuit Judges.

### JUDGMENT

PER CURIAM.

Upon consideration of the motions for leave to file the motions for enlargement of time; the motions for enlargement of time; and appellant's opposition and appellee's response thereto; the motion for sanctions and the motion for judgment on the pleadings, and appellee's opposition thereto; the parties' briefs; and appellant's "representation statement" suggesting "that the issues presented can be determined upon the record and that oral argument would not benefit the panel;" it is

**ORDERED** that the motions for leave to file the motions for enlargement of time, and the motions for enlargement of time,

be granted. The Clerk is directed to file the lodged documents. It is

**FURTHER ORDERED** that the motions for sanctions and for judgment on the pleadings be denied. It is

**FURTHER ORDERED,** on the court's own motion, that the court will dispose of the appeal without oral argument on the basis of the record and the presentation in the briefs. The court has determined that oral argument will not assist it in this case. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**FURTHER ORDERED** that the district court's judgment dated December 26, 2002, dismissing appellant's civil action, be affirmed. The district court properly dismissed Hamrick's constitutional claims because the United States has not waived sovereign immunity with respect to actions for damages based on violations of constitutional rights by federal officials, whether brought against the United States directly, *see Clark v. Library of Congress,* 750 F.2d 89, 103 n. 31 (D.C.Cir.1984); *Laswell v. Brown,* 683 F.2d 261, 268 (8th Cir.1982) (quoting *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 410, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (Harlan, J., concurring)), *cert. denied,* 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983), or against officers sued in their official capacities, *see Clark,* 750 F.2d at 104. Furthermore, the district court properly determined that Hamrick's intentional tort claims are exempted from the Federal Tort Claim Act's waiver of immunity. *See* 28 U.S.C. § 2680(h).

With respect to Hamrick's claim that the district court and the Government committed perjury, Hamrick's claim centers around his disagreement with the facts as presented by the district court in its order and by the Government in its pleadings.

Even assuming Hamrick's recitation of the facts is correct, there is still ample support for the district court's conclusion that Captain J.P. Brusseau; Director of Field Activities, Marine Safety, Security, and Environmental Protection, U.S. Coast Guard, had grounds to initiate a criminal investigation against Hamrick. Finally, Hamrick's conclusory allegations of bias are not supported by the record; therefore, the district court did not abuse its discretion in deciding not to recuse. *See Mississippi Industries v. F.E.R.C.*, 808 F.2d 1525, 1567 (D.C.Cir.1987) (abuse of discretion standard for reviewing recusal decisions).

Pursuant to D.C.Cir. Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.