**James D. Lammers KURTZ, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civil Action No. 10–1270 (RWR).**

United States District Court, District of Columbia.

July 26, 2011.

James D. Lammers Kurtz, Plymouth, WI, pro se.

Fred Elmore Haynes, U.S. Attorney's Office, John Robert Jacob, Akin Gump Strauss Hauer & Feld LLP, James M. Loots, Law Offices of James M. Loots PC, Washington, DC, Francis X. Sullivan, Wisconsin Department of Justice, Madison, WI, Patrick M. Harvey, Whyte Hirschboeck Dudek, S.C., Milwaukee, WI, Defendants.

### *MEMORANDUM OPINION*

RICHARD W. ROBERTS, District Judge.

Pro se plaintiff James D. Lammers Kurtz has named the United States as a defendant in a complaint concerning property located in Wisconsin and harms occurring in Wisconsin. The complaint alleges misconduct by four federal judges, and that the United States unlawfully holds property belonging to the plaintiff. The United States has moved to dismiss, and the plaintiff has moved for leave to amend his complaint. Because the United States has not waived its sovereign immunity with respect to the plaintiff's claims that are based upon his allegations against the federal judicial defendants, and there is no private right of action for the plaintiff's

claim regarding his property, the United States' motion to dismiss will be granted.[1] The motion for leave to amend will be denied as futile, and the remaining unnamed defendants will be dismissed because they have not been timely served.

## BACKGROUND

The plaintiff alleges that three judges of the United States Court of Appeals for the Seventh Circuit and a judge of the United States District Court for the Eastern District of Wisconsin "wont [sic] allow a legit[imate] record [to be] made" regarding his claims against other defendants who have been dismissed from the case.[2] (Compl. at 23.) Additionally, the plaintiff alleges that property of his is "held by the USA by violation of 18USC1001, 1341, 1503 etc[.]" (*Id.* at 3.) The United States has moved to dismiss and incorporates in its motion its opposition to the plaintiff's motion to deem the allegations against the United States as conceded.[3] (Mot. to Dismiss the U.S. at 1.) That opposition argues in part that the United States has not waived its sovereign immunity with respect to the plaintiff's claims, and that the complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Mem. in Opp'n to Pl.'s Mot. to Deem the Allegations Against the U.S.A. Conceded at 3.)

## DISCUSSION

### I. SUBJECT–MATTER JURISDICTION

■■■ "[T]he plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Larsen v. U.S. Navy,* 486 F.Supp.2d 11, 18 (D.D.C.2007); *see also Moms Against Mercury v. FDA,* 483 F.3d 824, 828 (D.C.Cir.2007). A court " 'must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party.' " *Short v. Chertoff,* 526 F.Supp.2d 37, 41 (D.D.C. 2007) (quoting *Erby v. United States,* 424 F.Supp.2d 180, 182 (D.D.C.2006)). Although a court is to construe liberally a pro se complaint, *Howerton v. Ogletree,* 466 F.Supp.2d 182, 183 (D.D.C.2006), "[p]ro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." *Gomez v. Aragon,* 705 F.Supp.2d 21, 23 (D.D.C. 2010).

### A. *Sovereign Immunity*

■■■ Because the United States' consent to be sued in a particular court de-

1. The plaintiff has also filed a motion to deem the allegations against the United States as conceded, a motion "for orders to Stop the USA from further closing the doors to the U.S. courthouses[,]" and a motion for orders that requests appointment of counsel and other relief with respect to the United States. Because the plaintiff shows no entitlement to appointed counsel, the motion for orders will be denied with respect to appointing counsel. Because the United States will be dismissed as a defendant, the motion for orders will be denied as moot with respect to all requested relief from the United States. The other two motions seeking relief from the United States also will be denied as moot.

2. Between August and December of 2010, all defendants except for the United States and the unnamed defendants moved to dismiss the complaint as to them, and those defendants' motions to dismiss were granted for lack of personal jurisdiction. *See Kurtz v. United States,* 779 F.Supp.2d 50 (D.D.C.2011). The plaintiff's motion to reconsider dismissing the defendants was denied. *See Kurtz v. United States,* Civil Action No. 10–1270(RWR), 2011 WL 2457923 (D.D.C. June 20, 2011).

3. The United States also argues in both its motion to dismiss and opposition to the plaintiff's motion to deem allegations as conceded that the plaintiff's service of process upon the United States was insufficient. This argument need not be addressed.

fines the scope of that court's jurisdiction, "[a]bsent a waiver, sovereign immunity shields the Federal Government ... from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *see also United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) (internal citation omitted). "[C]onditions upon which the Government consents to be sued must be strictly observed[,]" *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (quotation marks and citation omitted), and any waiver is construed strictly in the sovereign's favor. *Lane*, 518 U.S. at 192, 116 S.Ct. 2092.[4]

■ The plaintiff's complaint names the United States as a defendant "in light of" the plaintiff's allegations against the federal judicial defendants, and the plaintiff seeks damages and injunctive and declaratory relief. (Compl. at 22, 25.) The Administrative Procedure Act ("APA") provides that "[t]he United States may be named as a defendant" in an action "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of

legal authority[.]"[5] 5 U.S.C. § 702. This provision waives the government's immunity from suit. *Trudeau v. FTC*, 456 F.3d 178, 186 (D.C.Cir.2006). Although the plaintiff does not bring his claims under the APA, there "is nothing in the language of ... § 702 that restricts its waiver to suits brought under the APA." *Id.* However, the APA's waiver of sovereign immunity applies only to suits for specific relief against an agency or officer acting or failing to act in an official capacity.

■ Because the APA explicitly excludes the courts of the United States from its definition of an agency, 5 U.S.C. § 701(b)(1)(B), it does not waive the United States' sovereign immunity with respect to the plaintiff's claims against the United States based upon the allegations regarding the dismissed federal judicial defendants. In *Wall v. U.S. Dep't of Justice*, No. 3:09CV1066 (DJS), 2010 WL 4923736, at *1, 6 (D.Conn. Nov. 29, 2010), a plaintiff brought suit seeking equitable relief from, among other defendants, a federal district and a federal circuit judge. The court concluded that " § 702 does not constitute a waiver of sovereign immunity as to claims against federal judges[,]" and that the court lacked "subject matter jurisdiction over [a] ... Complaint seeking equitable relief against ... federal judges[.]" *Id.* at *8. Just an in *Wall*, § 702 does not waive sovereign immunity here as to the plaintiff's claims for specific relief from the federal judicial defendants.

---

**4.** *But see Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 589, 128 S.Ct. 2007, 170 L.Ed.2d 960 (2008) (noting that the "sovereign immunity canon is just that—a canon of construction" and that it does not "displace[ ] the other traditional tools of statutory construction").

**5.** The plaintiff's claims for damages are barred because the government has not waived its sovereign immunity for constitu-

tional tort claims for damages. *See Hamrick v. Brusseau*, 80 Fed.Appx. 116, 116 (D.C.Cir. 2003) (noting that "the United States has not waived sovereign immunity with respect to actions for damages based on violations of constitutional rights by federal officials when brought against the United States directly, or against officers sued in their official capacities" (internal citations omitted)).

■■■ An alternative analysis yields the same result. "[S]overeign immunity does not bar suits for specific relief against government officials where the challenged actions of the officials are alleged to be unconstitutional[.]" *Clark v. Library of Cong.*, 750 F.2d 89, 102 (D.C.Cir.1984); *see also Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 690, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949) (reasoning that where a "statute or order conferring power upon the officer to take action in the sovereign's name is claimed to be unconstitutional[,]" "the conduct against which specific relief is sought is beyond the officer's powers and is, therefore, not the conduct of the sovereign"). The D.C. Circuit has suggested—albeit in the context of monetary damages and not injunctive relief—that this exception "does not apply when the suit is brought directly against the United States rather than against a government official." *Clark*, 750 F.2d at 103 n. 31; *see also Larson*, 337 U.S. at 693, 69 S.Ct. 1457 (noting that if an officer is "exercising the powers delegated to him by the sovereign[,] . . . the action is the sovereign's and a suit to enjoin it may not be brought unless the sovereign has consented"). Not applying this officer exception to the sovereign immunity bar where a suit for specific relief is brought directly against the United States is consistent with the legal fiction underlying the exception—that the unconstitutional conduct of an officer is not the conduct of the sovereign and is not endorsed by the sovereign. This fiction dissolves where a plaintiff sues the sovereign directly. Because the plaintiff's claims against the federal judicial de-

fendants have been dismissed, there are no remaining government officials in the suit whose actions could be declared unconstitutional or who could be enjoined. This posture—in which the United States is the only remaining named defendant—precludes the officer exception to the sovereign immunity bar from applying.[6]

B. *Private right of action*

■■■ The plaintiff's complaint also alleges that the United States holds property of his in violation of various sections of Title 18 of the United States Code, including the provisions criminalizing making false statements, 18 U.S.C. § 1001, mail fraud, 18 U.S.C. § 1341, and influencing or injuring an officer or juror, 18 U.S.C. § 1503. (Compl. at 3, 22.) However, none of these criminal statutes creates private rights of action upon which a litigant may bring a civil suit. *See Banks v. Kramer*, No. 09–5140, 2009 WL 5526780, at *1 (D.C.Cir. Dec. 30, 2009) (18 U.S.C. §§ 1001, 1503); *RJ Prod. Co. v. Nestle USA, Inc.*, Civil Action No. 10–584(ESH), 2010 WL 1506914, at *2 n. 1 (D.D.C. Apr. 15, 2010) (18 U.S.C. § 1341). Because the lack of a private right of action precludes the existence of subject-matter jurisdiction, *see Sanders v. U.S. Dep't of Justice*, Civil Action No. 09–721(JDB), 2009 WL 1076704, at *1 (D.D.C. Apr. 21, 2009) (dismissing claim for lack of subject matter jurisdiction where statute under which plaintiff brought the claim did not confer a private right of action), claims suffering from this jurisdictional defect may be dismissed sua sponte. *See Hurt v. U.S. Court of Appeals for D.C. Circuit Banc,*

6. In any event, there is no authority upon which to grant the plaintiff the injunctive relief that he appears to seek from the United States. The plaintiff seems to request an order requiring the federal judicial defendants to allow him to make a record with respect to his previous suits in the Eastern District of Wisconsin and the Seventh Circuit. However, a district court "lacks subject matter jurisdiction to review the actions of another . . . federal [district] court [or court of appeals]." *Gallo–Rodriguez v. Supreme Court of the U.S.*, Civil Action No. 08–1890(RWR), 2009 WL 3878073, at *1 (D.D.C. Nov. 19, 2009).

264 Fed.Appx. 1, 1 (D.C.Cir.2008) (noting that Federal Rule of Civil Procedure 12(h)(3) authorizes a court to analyze on its own the issue of subject-matter jurisdiction). Thus, the plaintiff's claim that the United States is unlawfully holding his property will be dismissed. *See Ivey v. Nat'l Treasury Employees Union*, Civil Action No. 05–1147(EGS), 2007 WL 915229, at *5 (D.D.C. Mar. 27, 2007).

## II. MOTION FOR LEAVE TO AMEND

The plaintiff seeks to amend his complaint to add as defendants the United States Attorney General and Peggy Lautenschlager, the former Attorney General of Wisconsin. (Mot. to Am. the Compl. at 1.) Additionally, although he has not filed a motion seeking relief to this effect, the plaintiff also appears to be asking in another filing to add as defendants the court clerks in the Seventh Circuit and the Eastern District of Wisconsin who received his filings. (Pl.'s Suppl. Resp. Regarding Discovery, Dkt. # 73.)

Local Civil Rules 7(i) and 15.1 require motions to amend pleadings to "be accompanied by an original of the proposed pleading as amended." The plaintiff failed to comply with this requirement. His motion is not only defective procedurally, but it also falls short on its merits. A plaintiff may amend his complaint more than twenty-one days after any defendant files a Rule 12(b) motion "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R.Civ.P. 15(a). The plaintiff has moved for leave to amend his complaint nearly ten months after one of the defendants filed a motion to dismiss,[6] and the United States opposes the motion for leave to amend. In this situation, the decision to grant or deny leave to amend is committed to the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C.Cir.1996). While a litigant ordinarily ought to be afforded the opportunity to proceed on the merits of his claim, *Mead v. City First Bank of DC, N.A.*, 256 F.R.D. 6, 7 (D.D.C.2009), "a district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss[.]" *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C.Cir.2004).

An amended complaint which includes the allegations and additional defendants to which the plaintiff's motion refers would not survive a motion to dismiss. The plaintiff has not alleged that Lautenschlager or any of the clerks in the Seventh Circuit or Eastern District of Wisconsin have sufficient contacts with the District of Columbia—nor are such contacts apparent in the complaint or in his motion—to provide a basis for asserting personal jurisdiction over them in this district. *See Kurtz v. United States*, 779 F.Supp.2d 50, 52–54 (D.D.C.2011) (dismissing Wisconsin state defendants and Seventh Circuit and Eastern District of Wisconsin defendants for lack of personal jurisdiction). Amending the complaint to add Lautenschlager or the clerks therefore would be futile. *See Poole v. Roll*, Civil Action No. 07–2039(RJL), 2008 WL 768728, at *1 n. 2 (D.D.C. Mar. 20, 2008) (denying as futile motion to amend in part because the plaintiffs' allegations failed to show that there would be personal jurisdiction over the defendants the plaintiffs proposed to add to the complaint). Additionally, the plaintiff's allegations regarding the United States Attorney General—that the Attor-

**6.** *See supra* n. 2.

ney General is engaged in a conspiracy to steal the plaintiff's property—are not sufficiently plausible to survive a motion to dismiss for failure to state a claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))). Amending the complaint to add the Attorney General as a defendant therefore also would be futile. Thus, the plaintiff's motion for leave to amend will be denied.

## III. UNNAMED DEFENDANTS

Rule 4(m) provides that if a plaintiff does not serve a defendant within 120 days of filing the complaint, the court "must dismiss the action without prejudice against that defendant or order service to be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R.Civ.P. 4(m). The plaintiff names as defendants in his complaint "John Doe wrong doers" and "John Doe Insurance [Companies]" (Compl. at 2), but he has not filed proof of service upon any of these unnamed defendants. On April 11, 2011, the plaintiff was ordered to show cause why the complaint should not be dismissed as to these defendants for want of prosecution. In the plaintiff's response, he requested discovery to identify the unnamed defendants. (Pl.'s Answer to Order to Show Cause, Dkt. # 45.) The plaintiff was ordered to supplement his response, identifying what discovery he wanted to take and from whom, and why he thought such discovery would disclose the identities of the unnamed defendants. Although the plaintiff identifies in his supplemental memorandum significant discovery that he would like to take, much of the discovery he seeks is from defendants who have already been dismissed from the case. The plaintiff is not entitled to this discovery. *See Guy v. Briones,* C.A. No. C–07–473, 2008 WL 3538684, at *4 (S.D.Tex. Aug. 8, 2008) (granting a defendant's motion for a protective order where the plaintiff attempted to compel the defendant to answer questions on behalf of dismissed defendants); *Fred Lurie Assocs., Inc. v. Global Alliance Logistics, Inc.,* No. 05–22881CIV, 2006 WL 3626296, at *2 n. 4 (S.D.Fla. Aug. 15, 2006) (noting that plaintiff's motion to conduct additional discovery relating to dismissed defendants was moot because the court had not granted the plaintiff's motion to reconsider the order granting those defendants' motions to dismiss). The plaintiff also does not explain how any discovery that he may be entitled to take would help him to identify the unnamed defendants in his complaint. Because the plaintiff has not demonstrated that discovery would allow him to identify the unnamed defendants, he has not shown good cause for failing to serve these defendants in the appropriate time allowed under Rule 4(m).

Nor are the allegations in the complaint themselves specific enough to make it likely that discovery could disclose the identities of the unnamed defendants and enable the plaintiff to proceed against them. *See Landwehr v. FDIC,* Civil Action No. 09–716(RMU), ── F.R.D. ──, ──, 2010 WL 2572077, at *3 (D.D.C. June 28, 2010) (citing *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995)). If a plaintiff's failure to serve unnamed defendants results instead "from the absence of any specific allegations of wrongdoing by any such individuals[,]" "the proper course is not for the [plaintiff] to maintain [his] placeholder

claims against these unknown individuals, but rather, to obtain discovery from the identified defendants, and, if necessary, seek leave to amend [his] complaint to join additional defendants." *Id.* at —— – ——, at *3–4. On this basis, the court in *Landwehr* dismissed the plaintiff's claims against various unnamed defendants, noting "the complete absence of any specific allegations against [the] unnamed defendants." *Id.* at ——, at *3.

 Here, the complaint's allegations as to the "John Doe wrong doers" are only that "other John Does" aided in "fabricating the grounds to claim authority on paper" to demand that he turn over his house to his mother (Compl. ¶ 42), and that "John Doe Sheriff Deputies carr[ied] out wrongs[.]" [7] (Compl. at 17.) The complaint's sole allegation as to the John Doe Insurance Companies is that they "counsel[ed] felony unconstitutional wrongs and thefts of real and personal property with state and [county attorneys.]" (Compl. at 21.) Just as in *Landwehr*, the plaintiff's complaint here lacks sufficiently specific allegations of wrongdoing as to the unnamed defendants to allow him to proceed against them. The unnamed defendants therefore will be dismissed.

## CONCLUSION

Because the United States has not waived its sovereign immunity with respect to the plaintiff's claims regarding the federal judicial defendants, and the plaintiff lacks a private right of action to assert claims against the United States for violating criminal statutes, the United States' motion to dismiss will be granted. Since allowing the plaintiff to amend his complaint would be futile, his motion for leave to amend will be denied. Finally, because

the plaintiff has not shown good cause for failing to serve the unnamed defendants, the complaint will be dismissed as to all unnamed defendants. A final Order accompanies this Memorandum Opinion.

---

7. As was true with most of the named defendants, the plaintiff has failed to carry his burden to demonstrate a factual basis for asserting personal jurisdiction over these unnamed defendants.